JOHN BARTON PAYNE, AS AGENT UNDER PRESIDENTIAL PROC-
LAMATION, *Plaintiff in Error*, v. W. G. BRYAN, *Defend-
ant in Error*.

En Banc.

Opinion Filed July 23, 1925.

1.  If, by a published schedule of tariff rates by a common
carrier, its liability is fixed by the rate of freight paid, and
for the purpose of obtaining a certain rate of freight the
shipper reports to the carrier a valuation on live stock
shipped, having notice or actual knowledge of these terms at
the time of or before the delivery of the stock by him to the
carrier to be transported and assenting thereto, the liability
of the carrier is fixed by such agreement. If, however, the
shipper has no notice or knowledge of the rule or tariff rates
of the carrier, and does not assent thereto, and is not asked by
the carrier's agent to state the value of the shipment, and does
not state such value, and it is not stated in the bill of lading,
the rule is different. A. C.·L. R. R. Co. v. Coachman, 59 Fla.
130; 52 South. Rep. 377.

2.  A shipper of goods by a common carrier, the shipment being
intrastate, "will not be bound in the limit of his recovery by
the payment of the released rate, unless it be shown that he
knew the rate was a released rate, and there was a fair meet-
ing of the minds of the shipper and the carrier that by pay-
ment of the released rate the recovery of the shipper would
be limited to a certain maximum sum clearly agreed upon."

3.  The facts in the cases of the A. C. L. R. R. Co. v. Coachman,
59 Fla. 130, 52 South. Rep. 377, and A. C. L. R. R. Co. v.
Dexter, 50 Fla. 180, 39 South. Rep. 634, distinguished. Held,
this case under the facts, proved, controlled by the rule
announced in A. C. L. R. R. Co. v. Coachman, *supra*.

A Writ of Error to the Circuit Court for Hillsborough
County; L. L. Parks, Judge.

Affirmed.

*Knight, Thompson* and *Turner,* for Plaintiff in Error;

*Hilton S. Hampton* and *John W. Bull,* for Defendant in Error.

WEST, C. J.—The controlling question in this case is the amount and not plaintiff's right of recovery. The action is for loss sustained by plaintiff because of damage to cattle transported by defendant carrier for plaintiff from Tallahassee to Tampa. That there was injury to some of the cattle, resulting in loss to the shipper, is undisputed. The jury found the fact to be as alleged, that the injury resulted from defendant's negligence.

The bill of lading under which the shipment moved contains the following paragraph:

''The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the actual value of the property at the place and time of shipment under this contract, including the freight charges, if paid; provided, however, in all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon or is determined by the classification or tariffs upon which the rate is based, such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence.''

No value is stated in the bill of lading, which is attached to the declaration as a bill of particulars and, while not reproduced in the bill of exceptions, is several times referred to as in evidence, and essential paragraphs were quoted from in the examination of witnesses. In the record there is evidence, which was not objected to, of value at the time of shipment of the cattle, sufficient, with interest

from the date suit was instituted, to sustain the verdict. But defendant proved, by the evidence of a witness, the existence at the time of shipment of a classification and tariff promulgated by the Railroad Commission of Florida fixing a much less maximum recovery for loss of cows and calves when the rate of freight was that admittedly charged and paid in this case.

Determination of the validity of the provision of the bill of lading fixing the maximum amount of recovery, whether the loss or damage sustained results from the negligence of the carrier, is not, under the facts of this case, necessary.

No lower value than actual value was represented in writing or otherwise by the shipper to the carrier. The evidence shows that the agent of the carrier saw the cattle at the time of shipment and knew that they were of greater actual value than the maximum amount of recovery allowed according to the classification and tariff under which the shipment was made, but there is no proof that the shipper knew of the classification and tariff.

Whatever the rule may be elsewhere, in this jurisdiction it is established that a shipper "will not be bound in the limit of his recovery by the payment of the released rate, unless it be shown that he knew the rate paid was a released rate and there was a fair meeting of the minds of the shipper and the carrier that by payment of the released rate the recovery of the shipper would be limited to a certain maximum sum clearly agreed upon." Atlantic Coast Line R. Co. v. Coachman, 59 Fla. 130, 52 South. Rep. 377; American Ry. Exp. Co. v. Galt, 128 Miss. 81, 90 South. Rep. 597, 25 A. L. R. 728; Donlon Bros. v. Southern Pac. Co., 151 Cal. 763, 91 Pac. Rep. 603, 12 Am. & Eng. Ann. Cas. 1118.

In Atlantic Coast Line R. Co. v. Dexter & Conner, 50 Fla. 180, 39 South. Rep. 634, the bill of lading was put in evidence and showed a complete and unambiguous contract

for a limited liability of $75 per head for mules and horses delivered to the carrier. See American Ry. Exp. Co. v. Lindenburg, 260 U. S. 584.

In Atlantic Coast Line R. Co. v. Coachman, *supra,* as in this case, the bill of lading did not contain a completed contract for limited liability. The space provided for stating the amount of the agreed liability was left blank and there was no showing of an agreement, express or implied, consenting to or recognizing a limited liability of the carrier.

The judgement will be affirmed.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND STRUM, J. J., concur.

BROWN, J., concurring specially.

In my view of this case, the question as to the effect of the limitation on the amount of recoverable damages under the provisions of the bill of lading was not presented by the defendant in the court below in such a manner as to call for its consideration by this court. It would seem that, under our Rules 71 and 72 of Circuit Court practice, as well as under the general principles of pleading, if a carrier desires to rely on a provision in the contract of shipment limiting its common law liability, it should be specially pleaded, unless the same is set out in, or made a part of, the plaintiff's declaration. See 5 Am. & Eng. Enc. of Law (2nd ed.) p. 358, and numerous cases cited. This is also the prevailing rule in the code States. 10 C. J. p. 368. It is true a copy of the bill of lading is attached to the declaration "as a bill of particulars," but it did not show the rate paid, nor any valuations of the cattle; nor was it made a

part of the declaration by apt words, nor did the defendant seek to take advantage of the limitations on common-law liability therein contained by any of its pleas, having filed only the plea of "not guilty" and contributory negligence. It is well settled in this State that a bill of particulars is not a part of the declaration; is not a pleading; is not subject to demurrer, and is in no sense evidence. Nor was the bill of lading formally introduced in evidence by either plaintiff or defendant, though both sides, and the court itself, treated it as if it was in evidence; one of the attorneys being permitted to read one of the paragraphs thereof, in the course of his examination of a witness and as a basis for several questions addressed to such witness, without objection. But the record does not disclose that the document was ever formally offered in evidence by either party. I do not, therefore, consider it necessary to determine whether in this case the ruling made in the case of A. C. L. Ry. Co. v. Coachman, 59 Fla. 130, 52 South. Rep. 377, or whether the rule laid down in A. C. L. Ry. Co. v. Dexter & Conner, 50 Fla. 180, 39 South. Rep. 634, should have been applied; or whether there is, in fact, any fundamental difference between the rules laid down in the two cases named. For this reason I concur in the affirmance of the judgment.